IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISON

**CHARLES "CHUCK" TUCKER,**                                              **PLAINTIFF**

**v.**                             **4:12-CV-00298-BRW**

**ACADEMY SPORTS & OUTDOORS,**
**ACADEMY, LTD. and**
**BBK HUNTING SYSTEMS, LTD.,**                                           **DEFENDANTS**

### ORDER

Pending is the Motion to Remand to state court filed by Defendants Academy Sports & Outdoors and Academy, Ltd. ("the Academy Defendants"). Plaintiff responded, and agrees that this case should be remanded.[1] No other responses have been filed, and the time for doing so has passed.[2] For the reasons set out below, Defendants' Motion (Doc. No.8) is GRANTED.

**I.     BACKGROUND**

In April, 2012, Plaintiff sued Defendants in the Circuit Court of Pulaski County, Arkansas. Separate Defendant BBK Hunting Systems, Ltd. ("Defendant BBK") filed its Notice of Removal on May 18, 2012.[3] On June 20, 2012, the Academy Defendants filed their Motion to Remand.[4] The Academy Defendants contend that removal was improper because they never consented to the removal of the case.

**II.    DISCUSSION**

---

[1]Doc. No. 10.

[2]Responses were due by July 9, 2012.

[3] Doc. No. 1.

[4] Doc. No. 8.

The Notice of Removal filed by Defendant BBK was defective because of its failure to join all defendants as required by the Eighth Circuit's interpretation of 28 U.S.C. § 1446.[5] Under 28 U.S.C. § 1446(a) and the rule of unanimity, all defendants who have been properly served at the time of removal are required to consent in writing to the removal or a statement as to why such consent is not necessary must be given.[6] A motion to remand a case on the basis of any defect in removal procedure must be made within 30 days.[7] However, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded.[8] Therefore, while the Academy Defendants did not file their Motion to Remand within 30 days, this Court can still remand the case to state court.

The Eighth Circuit has held that a violation of the forum defendant rule is a jurisdictional defect and "not a mere procedural irregularity capable of being waived."[9] The removal jurisdiction of the lower federal courts is statutory and thus, if one of the statutory requirements is not met, the district court has no jurisdiction.[10] The Academy Defendants never consented to the removal; Defendant BBK failed to secure the consent of all Defendants or to provide a statement as to why the Academy Defendants' consent is not necessary. Accordingly, the rule of

---

[5] 28 U.S.C. § 1446; See *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755 n.2 (8th Cir. 2001).

[6] See 28 U.S.C. § 1446(a); *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005).

[7] 28 U.S.C. § 1447(c); *Melahn v. Pennock Ins., Inc.*, 965 F.2d 1497, 1500 (8th Cir. 1992).

[8] 28 U.S.C. § 1447(c).

[9] *Horton*, 431 F.3d at 605; *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1146 (8th Cir. 1992).

[10] See *Continental Cablevision v. United States Postal Service*, 945 F.2d 1434, 1435 (8th Cir. 1991).

unanimity is not satisfied and this Court lacks jurisdiction. Remand to state court is appropriate under 28 U.S.C. § 1447(c).[11]

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion to Remand (Doc. No. 8) is GRANTED. This case is remanded to the Circuit Court of Pulaski County, Arkansas.

IT IS SO ORDERED this 10th day of June, 2012.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[11] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").